IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARDALE HAMILTON                                                    PLAINTIFF

v.                              Case No. 1:25-cv-1084

INTERNAL REVENUE SERVICE,
Department of the Treasury                                          DEFENDANT

## ORDER

Before the Court is the Motion to Dismiss and Brief in Support filed by the United States,

incorrectly named and sued as Internal Revenue Service ("IRS").  ECF Nos. 11 & 12.  Plaintiff

has not responded to the instant motion, and the time to do so has passed.  *See* Local Rule 7.2(b).

The Court finds the matter ripe for consideration.

On November 7, 2025, Plaintiff filed his pro se Complaint in this Court.  ECF No. 1

("Complaint").  His complaint utilizes a structured form available for pro se litigants.  He names

the IRS-Department of the Treasury as Defendant in the case heading option, but later names Scott

Bessent, Secretary of the Treasury, as "Defendant No. 1" on the next page.  Complaint at 1-2.

Plaintiff indicates that subject matter jurisdiction is based upon a question of federal law and

subsequently offers, verbatim, "first amendment retaliation for exercising free speech or religious

freedom" as the specific issue of his claim.  Complaint at 3.  Under the Amount in Controversy

heading, Plaintiff writes "defendant owed the plaintiff over 10,000 thousands dollars for hardship

not credit the plaintiff funds to his bank account plaintiff suing for pain and suffering[.]"  Under

the Statement of Claim heading, Plaintiff writes "Plaintiff filing federal lawsuit against the [IRS]

for violation of withholding his federal income tax return and not releasing his tax money owed to

him[.]"  Complaint at 4.  As to the relief he seeks, Plaintiff writes "[IRS] dept of the treasury has

cause very hardship with the plaintiff IRS has cause financial hardship due to the plaintiff not able

to work and solve things out with [IRS] of processing his personal information they have on file[.]"
Complaint at 4.

The United States presents several reasons why the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b).  First, the IRS argues that dismissal is appropriate because Plaintiff has failed to allege facts sufficient to state a plausible claim under 26 U.S.C. § 7422, which is the statute under which one may bring suit for a tax refund.  The United States contends that the lack of allegations regarding the refund amount sought, the tax year at issue, or the basis for Plaintiff's assertion that he is owed a refund forecloses any possibility that Plaintiff has stated a plausible claim.  Next, the United States argues that the Court lacks subject matter jurisdiction over any refund action because Plaintiff has not alleged that he exhausted the administrative remedies required by 26 U.S.C. § 7422(a).  Additionally, the United States argues that if Plaintiff's claim is read to assert a violation of his First Amendment rights, it is entitled to sovereign immunity.  The United States notes that there is no indication that it has waived sovereign immunity for such claims and contends that this claim is consequently barred.

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, so the Court's inquiry is limited to whether the challenged pleading sets forth sufficient allegations to make out the elements of a right to relief.  *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  A pleading must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations of a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable."  *Id*. at 555-56.

2

The complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotation marks omitted). Pro se pleadings must be construed liberally, but a pro se plaintiff is not excused from the requirement that the complaint allege "sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 Fed. App'x 573, 575 (8th Cir. 2010) (internal quotation marks omitted).

The Court finds that Plaintiff has failed to state any claim for relief. If this action is meant to be one pursuant to 26 U.S.C. § 7422, Plaintiff has neither alleged that he has satisfied the administrative exhaustion requirements of this claim nor alleged facts sufficient to state this claim. § 7422(a) states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). This explicit exhaustion requirement is mandatory and bars an action in federal court for a refund of internal revenue tax unless that claim has previously been presented to the IRS. *See Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 359 (6th Cir. 2015) (citations omitted). Further, there are no allegations of why Plaintiff was owed any tax refund or for which tax year he was owed a refund. Thus, even under a liberal construction, the Court views the

Complaint as containing "naked assertions" that do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. This shortcoming extends to any potential claim pursuant to 42 U.S.C. § 1983 asserting a violation of Plaintiff's First Amendment rights. There are simply no facts alleged that could create a connection between any actions by the IRS and Plaintiff's rights under the First Amendment.

Additionally, the United States is correct that Plaintiff has not shown that the United States has waived sovereign immunity for any potential First Amendment claim. "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006). "A person who sues the federal government must show that it has unequivocally waived its sovereign immunity." *See Willis v. Boyd*, 993 F.3d 545, 547 (8th Cir. 2021). "[S]overeign immunity is jurisdictional in nature and deprives courts of the power to hear suits against the United States absent Congress's express consent." *U.S. v. Miller*, 604 U.S. 518, 527 (2025) (internal quotation marks omitted). Plaintiff has made no showing that the United States has waived sovereign immunity for any First Amendment claim he may be attempting to assert. Thus, the Court does not have subject matter jurisdiction over any such claim. *Id*. at 527.

Accordingly, for the reasons stated above, the Court finds that the United States's Motion to Dismiss (ECF No. 11) should be and hereby is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of May, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

4